## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOLEWSKI and DIANE MOLEWSKI, Plaintiffs | : : : : |
| | : Civil Action No. |
| v. | : : |
| BOWTECH, INC. f/k/a EXTREME TECHNOLOGIES, INC., AMERICAN SPORTSMAN HOLDINGS CO. f/k/a BASS PRO SHOPS, INC., BASS PRO GROUP, LLC, BASS PRO INTELLECTUAL PROPERTY, LLC, BASS PRO OUTDOOR WORLD, LLC, and BASS PRO, LLC, | : : : : : : : : : |
| Defendants | : |

## COMPLAINT

Plaintiffs Michael Molewski and Diane Molewski file the following Complaint against Defendants BowTech, Inc. f/k/a Extreme Technologies, Inc., American Sportsman Holdings Co. f/k/a Bass Pro Shops, Inc., Bass Pro Group, LLC, Bass Pro Intellectual Property, LLC, Bass Pro Outdoor World, LLC, and Bass Pro, LLC and avers as follows.

### A. PARTIES

1.      Plaintiff Michael Molewski is an adult citizen of Pennsylvania residing at 1611 Stonehill Way, Bethlehem, PA 18015.

2.      Plaintiff Diane Molewski is an adult citizen of Pennsylvania residing residing at 1611 Stonehill Way, Bethlehem, PA 18015.

3.      Plaintiffs Michael and Diane Molewski are husband and wife.

4.      Defendant BowTech, Inc. f/k/a Extreme Technologies, Inc. ("BowTech") is a corporation organized under the laws of Delaware.  BowTech's headquarters and principal place of business are located in Eugene, Oregon.

5.      At all times pertinent to this Complaint, BowTech was in the business of designing, manufacturing, assembling, and selling crossbows.

6.      BowTech reaches customers in Pennsylvania through its marketing, direct sales, and sales effectuated by the assistance of third parties.

7.      BowTech maintains a network of dealers throughout Pennsylvania through which it sells its crossbows.

8.      BowTech's website lists at least 45 dealers through which its products are sold throughout Pennsylvania including the Eastern District of Pennsylvania.

9.      BowTech requires its dealers to apply and obtain permission to sell its products, including all of the dealers who sold its products in Pennsylvania.

10.      BowTech's website also contains a link for Pennsylvania's "crossbow regulations" that links to the Pennsylvania Game Commission website.

11.      BowTech also regularly sponsors archery-related events in Pennsylvania in an effort to market its products in Pennsylvania.

12.     BowTech also regularly sponsors archers from Pennsylvania who compete in competitive archery tournaments.

13.     In short, BowTech purposely directs its activities toward Pennsylvania for the purpose of selling hunting equipment including crossbows in Pennsylvania, and Plaintiff's claims arise out of such activities.

14.     Defendant American Sportsman Holdings Co. f/k/a Bass Pro Shops, Inc. is a Missouri corporation with its headquarters and principal place of business in Springfield, Missouri.

15.     Defendant Bass Pro Group, LLC is a Delaware limited liability company with its headquarters and principal place of business in Springfield, Missouri.

16.     Defendant Bass Pro Intellectual Property, LLC is a Missouri limited liability company with its headquarters and principal place of business in Springfield, Missouri.

17.     Defendant Bass Pro Outdoor World, LLC is a Missouri limited liability company with its headquarters and principal place of business in Springfield, Missouri.

18.     Defendant Bass Pro, LLC is a Delaware limited liability company with its headquarters and principal place of business in Springfield, Missouri.

19.     Defendants American Sportsman Holdings Co. f/k/a Bass Pro Shops, Inc., Bass Pro Group, LLC, Bass Pro Intellectual Property, LLC, Bass Pro Outdoor World, LLC, and Bass Pro, LLC are referred to herein collectively as "Bass Pro Shops."

20.     Bass Pro Shops is a retailer that sells sporting equipment both through brick-and-mortar stores and its website.

21.     Bass Pro Shops operates a large brick-and-mortar store located at 3501 Paxton Street in Swatara Township, Dauphin County, Pennsylvania.

22.     Bass Pro Shops also routinely directs advertisements and marketing materials to and sells and ships products through its website to consumers located in Pennsylvania, including in the Eastern District of Pennsylvania.

23.     Bass Pro Shops purposely directs its activities toward Pennsylvania for the purpose of selling hunting equipment including crossbows and other goods in Pennsylvania, and Plaintiff's claims arise out of such activities.

### B. JURISDICTION AND VENUE

24.     There exists complete diversity of citizenship as between Plaintiffs and all Defendants.

25.     The damages claimed by Plaintiff in this action exceed $75,000.

26.     This Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

27.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Pennsylvania.

28.     This Court may exercise personal jurisdiction over all Defendants.

## C. FACTS

29.     BowTech manufactures and markets crossbows intended for hunting under the brand name Stryker.

30.     On or before September 15, 2009, BowTech manufactured a crossbow under the brand name Stryker called the StrykeForce.

31.     On or before September 15, 2009, BowTech sold or otherwise placed one or more StrykeForce crossbows into the stream of commerce.

32.     On or before September 15, 2009, Bass Pro Shops began to sell or facilitate the sale of StrykeForce crossbows on behalf of, and with the knowledge and acquiescence of, BowTech.

33.     Bass Pro Shops played an integral role in arranging for the sale and delivery of crossbows and other equipment manufactured by BowTech to consumers in Pennsylvania.

34.     On or about September 15, 2009, Plaintiff contracted with Bass Pro Shops to purchase a Stryker StrykeForce crossbow manufactured by BowTech bearing serial number 539661-0308 for $1,999.98.

35.     This contract benefitted both BowTech and Bass Pro Shops financially.

36.     After receiving payment, Bass Pro Shops arranged for the shipment of a StrykeForce crossbow to Plaintiffs' residence in the Eastern District of Pennsylvania.

37.     The StrykeForce crossbow reached Plaintiff Michael Molewski in the Eastern District of Pennsylvania.

38.     Plaintiff Michael Molewski received the StrykeForce crossbow in substantially the same condition as when it left the possession of All Defendants BowTech and Bass Pro Shops.

39.     Plaintiff Michael Molewski registered the crossbow in accordance with the manufacturer's instructions.

40.     On or about November 2, 2019, Plaintiff Michael Molewski was hunting using the aforementioned StrykeForce crossbow near his home in Northampton County, Pennsylvania, in the Eastern District of Pennsylvania.

41.     On that date, Plaintiff Michael Molewski fired the crossbow, causing the bowstring to contact his left thumb.

42.     The bowstring slammed into Plaintiff Michael Molewski's left thumb at an extremely high speed,[1] causing severe damage to his thumb including without limitation a fracture of the distal phalanx of his thumb, avulsion of the skin of his thumb, and damage to his thumbnail.

43.     The injury caused extreme pain and suffering as well as permanent disfigurement of Plaintiff Michael Molewski's left thumb.

44.     Plaintiff Michael Molewski obtained medical treatment for his injuries and incurred medical expenses as a result.

45.     Plaintiffs repeat and reallege the averments of paragraphs 20 to 23 and 32 through 43 with respect to Bass Pro Shops against each of the Defendants identified in paragraph 19 above in the alternative.

**COUNT I**
**PRODUCTS LIABILITY – DEFECTIVE DESIGN**
***Michael Molewski v. All Defendants***

46.     The foregoing averments are incorporated herein by reference as though set forth in full.

47.     The StrykeForce crossbow manufactured by Defendant BowTech and sold by Bass Pro Shops was sold in a defective condition unreasonably dangerous

---

[1] The materials delivered with the crossbow to Plaintiff Michael Molewski indicated that the bowstring was tested at the factory and found to travel at a speed of 388 feet per second.

to users or consumers because the crossbow was not equipped with a finger/thumb guard.

48.    These inexpensive and readily available finger/thumb guards were not included with the crossbow or as an option for the crossbow at the time of Plaintiff Michael Molewski's purchase.

49.    The purpose of a finger/thumb guard is to physically prevent the shooter's thumb or fingers from inadvertently rising into the path of the bowstring while the shooter is using the crossbow.

50.    The absence of a finger/thumb guard is a design defect.

51.    At the time of the design, manufacture, assembly, sale, and distribution, Defendant BowTech was in the business of designing, manufacturing, assembling, and selling crossbows including the StrykeForce.

52.    At the time of the design, manufacture, assembly, sale, and distribution, Bass Pro Shops was in the business of selling and distributing crossbows including the StrykeForce.

53.    At the time of the design, manufacture, assembly, sale, and distribution, all Defendants knew or expected that the crossbows they designed, manufactured, assembled, sold, and/or distributed including the StrykeForce would reach users without a substantial change in condition.

54.     The StrykeForce crossbow did, in fact, reach the end user, Plaintiff Michael Molewski, without a substantial change in condition.

55.     Hunters and other individuals firing hunting rifles habitually place a finger and/or thumb over the barrel of the rifle to control the rifle's recoil when it is fired.

56.     When using a crossbow, hunters and others accustomed to firing rifles may place their fingers in a similar position out of habit.

57.     However, such a habit places the user's fingers in the pathway of the string when the crossbow is fired.

58.     At the time of the design, manufacture, assembly, sale, and distribution of the StrykeForce crossbow to Plaintiff Michael Molewski, all Defendants knew, or through the exercise of reasonable diligence should have known, that hunters who are accustomed to hunting rifles would also purchase and use the StrykeForce crossbow.

59.     At the time of the design, manufacture, assembly, sale, and distribution of the StrykeForce crossbow to Plaintiff Michael Molewski, all Defendants knew, or through the exercise of reasonable diligence should have known, that the lack of a finger/thumb guard on the StrykeForce crossbow places such users at significant risk of serious injury.

60.     At the time of the design, manufacture, assembly, sale, and distribution of the StrykeForce crossbow to Plaintiff Michael Molewski, all Defendants knew or through the exercise of reasonable diligence should have known that serious injuries to users' fingers/thumbs were likely to occur and that these injuries could be prevented by inclusion of a finger/thumb guard.

61.     At the time of the design, manufacture, assembly, sale, and distribution of the StrykeForce crossbow to Plaintiff Michael Molewski, all Defendants had the benefit of years of actual knowledge that serious finger/thumb injuries caused by were occurring but outrageously continued to design, manufacture, assemble, sell, and distribute crossbows in a defective condition with evil motive and/or reckless indifference to the likelihood of serious injury.

62.     At the time of the design, manufacture, assembly, sale, and distribution of the StrykeForce crossbow to Plaintiff Michael Molewski, all Defendants had actual knowledge that other manufacturers were including finger/thumb guards in order to prevent these injuries.

63.     Inclusion of finger or thumb guards was not prohibitively expensive, would not have materially changed the product, and would not have prevented the product's use for its intended purposes.

64.     It is believed and therefore averred that all Defendants continue to market, sell, and distribute crossbows that lack finger/thumb guards.

65.     The decision to design, manufacture, assemble, market, and sell crossbows in this defective condition irrespective of the known hazards was malicious and wanton and constituted reckless disregard for the safety of the intended end users thereby warranting imposition of punitive damages.

66.     While using the StrykeForce crossbow in its defective condition on November 2, 2019, Plaintiff Michael Molewski sustained serious and permanent injuries as set forth above.

67.     The design defect was the factual and legal cause of the injuries.

68.     At all relevant times, Plaintiff Michael Molewski was using the product for its intended purpose.

69.     As a result of the design defect noted above, Plaintiff Michael Molewski sustained severe pain and suffering, loss of feeling, and loss of dexterity which inhibited his ability to perform his customary and usual duties.

70.     As a result of the design defect noted above, Plaintiff Michael Molewski was forced to expend various sums of money on medical and related expenses.

71.     As a result of the design defect noted above, Plaintiff Michael Molewski also suffered permanent disfigurement notwithstanding timely medical intervention.

WHEREFORE, Plaintiff Michael Molewski respectfully requests this Court to enter judgment in its favor and against all Defendants in an amount in excess of $75,000 as well as punitive damages, interest, costs of suit and such other relief as the Court deems just and proper in the circumstances.

## COUNT II
## PRODUCTS LIABILITY – FAILURE TO WARN
### *Michael Molewski v. All Defendants*

72.    The foregoing averments are incorporated herein by reference as though set forth in full.

73.    A product may be defective if not accompanied by proper warnings and instructions concerning its use.

74.    The manufacturer and supplier of a product must give the user or consumer warnings and instructions of the possible risks of using a property that made be required or that are created by the inherent limitations in the safety of such use.

75.    Bass Pro Shops and BowTech knew or should have known and could have foreseen that use of its product would create a danger to the user if the user's thumb or fingers were in the path of the StrykeForce crossbow's bowstring during use.

76.    Bass Pro Shops and BowTech failed to provide adequate warnings of this danger to Plaintiff Michael Molewski.

77.    As a result of the failure to warn described above, Plaintiff Michael Molewski sustained severe pain and suffering, loss of feeling, and loss of dexterity which inhibited his ability to perform his customary and usual duties.

78.    As a result of the failure to warn described above, Plaintiff Michael Molewski was forced to expend various sums of money on medical and related expenses.

79.    As a result of the failure to warn described above, Plaintiff Michael Molewski also suffered permanent disfigurement notwithstanding timely medical intervention.

80.    The decision to design, manufacture, assemble, market, and sell crossbows without adequate warnings was malicious and wanton and constituted reckless disregard for the safety of the intended end users thereby warranting imposition of punitive damages.

WHEREFORE, Plaintiff Michael Molewski respectfully requests this Court to enter judgment in its favor and against all Defendants in an amount in excess of $75,000 as well as punitive damages, interest, costs of suit and such other relief as the Court deems just and proper in the circumstances.

## COUNT III
## NEGLIGENCE
### *Michael Molewski v. All Defendants*

81.     The foregoing averments are incorporated herein by reference as though set forth in full.

82.     At all relevant times, all Defendants were operating under a duty to exercise reasonable care in the design, manufacture, assembly, sale, and distribution of crossbows to the public.

83.     The Defendants breached the above-referenced duty by:

    a.     Manufacturing, designing, and assembling an unreasonably dangerous product;

    b.     Failing to equip the crossbow in question with the appropriate safety device(s), to wit, a finger/thumb guard;

    c.     Selling and distributing an unreasonably dangerous product;

    d.     Placing an unreasonably dangerous product into the stream of commerce; and/or

    e.     Failing to provide adequate warnings of the dangers of the product.

84.     As a result of Defendants' negligence, Plaintiff Michael Molewski sustained severe pain and suffering, loss of feeling, and loss of dexterity which inhibited his ability to perform his customary and usual duties.

85.    As a result of Defendants' negligence, Plaintiff Michael Molewski was forced to expend various sums of money on medical and related expenses.

86.    As a result of Defendants' negligence, Plaintiff Michael Molewski also suffered permanent disfigurement notwithstanding timely medical intervention.

87.    The Defendants' conduct was outrageous, evidencing evil motive and/or reckless indifference in light of knowledge of serious, permanent injuries previously sustained by users.

WHEREFORE, Plaintiff Michael Molewski respectfully requests this Court to enter judgment in its favor and against all Defendants in an amount in excess of $75,000 as well as punitive damages, interest, costs of suit and such other relief as the Court deems just and proper in the circumstances.

## COUNT IV
## BREACH OF IMPLIED WARRANTY
### *Michael Molewski v. All Defendants*

88.    The foregoing averments are incorporated herein by reference as though set forth in full.

89.    Defendants BowTech and Bass Pro Shops impliedly represented and warranted to the public generally, and to Plaintiff Michael Molewski specifically, that the StrykeForce crossbow was of merchantable quality, and fit for the ordinary purpose for which it was intended to be used.

90.    Defendants BowTech and Bass Pro Shops breached these implied warranties because the crossbow was defective, unsafe for Plaintiff Michael Molewski to use, and not fit for the ordinary purpose for which it was intended to be used.

91.    As a result of the foregoing, Plaintiff Michael Molewski has suffered injury as set forth in greater detail above.

WHEREFORE, Plaintiff Michael Molewski respectfully requests this Court to enter judgment in its favor and against all Defendants in an amount in excess of $75,000 as well as punitive damages, interest, costs of suit and such other relief as the Court deems just and proper in the circumstances.

## COUNT V
## LOSS OF CONSORTIUM
### *Diane Molewski v. All Defendants*

92.    The foregoing averments are incorporated herein by reference as though set forth in full.

93.    At all relevant times, Diane Molewski was the wife of Michael Molewski.

94.    As a result of the injuries sustained by her husband as set forth in greater detail above, Diane Molewski was deprived of the company, society, guidance, companionship, cooperation, affection, consortium, and aid of her husband, and will continue to lose said company, society, guidance,

companionship, cooperation, affection, consortium, and aid of her husband in the future.

95.     Diane Molewski has suffered damages as a result of such deprivation and loss.

WHEREFORE, Plaintiff Diane Molewski respectfully requests this Court to enter judgment in its favor and against all Defendants in an amount in excess of $75,000 as well as punitive damages, interest, costs of suit and such other relief as the Court deems just and proper in the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury on all issues so triable.

Respectfully submitted,

WOOLFORD KANFER LAW, P.C.


By:   /s/ Joseph M. Kanfer
      Timothy J. Woolford
      Attorney I.D. No. 78941
      Joseph M. Kanfer
      Attorney I.D. No. 306558
      101 North Pointe Blvd, Suite 200
      Lancaster, PA 17601